UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
DARRYEL ISHMAEL,

                Petitioner,

    - against -

A. MONTAGARI, *Superintendent*,

                Respondent.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-6458 (PKC)

PAMELA K. CHEN, United States District Judge:

Darryel Ishmael ("Petitioner"), appearing *pro se*, petitions this Court for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence for Rape in the First Degree (N.Y. PENAL LAW § 130.35[4]).  For the reasons detailed below, the Petition is dismissed without prejudice to allow Petitioner an opportunity to exhaust his claims in state court.

## BACKGROUND

**I.    Petitioner's State Court Proceedings and Appeal**

On October 13, 2021, Petitioner, represented by counsel, pled guilty to Rape in the First Degree in Queens County Supreme Court.  (Dkt. 7, ECF[1] 5.)  On November 9, 2021, the state court sentenced Petitioner to eight years of incarceration with 20 years of post-release supervision.  (*Id.*)  The same day, Petitioner filed a notice of appeal with the Appellate Division, Second Department.  (*Id.*)  On July 7, 2022, Petitioner filed his *pro se* application for poor person relief to the Appellate Division, Second Department.  (*Id.*)  On August 8, 2022, the State filed their response and took no position on Petitioner's application.  (*Id.*)  On February 24, 2023, the Appellate

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

Division granted Petitioner's motion "for leave to prosecute the appeal as a poor person[,]" assigned Petitioner appellate counsel, and extended "appellant's time to perfect the appeal[.]" *People v. Ishmael*, No. 2021-08269, 1663/2019, 2023 WL 2203809 (N.Y. App. Div. Feb. 24, 2023). To date, Petitioner has not yet perfected his appeal.

**II.    Petitioner's Instant Federal *Habeas* Petition**

While Petitioner's state application for poor person relief was still pending, Petitioner also filed a *pro se* application seeking a writ of *habeas corpus* in this Court. (*See* Dkts. 1–2 (both filed on September 26, 2022).) Petitioner alleges several grounds for relief, including that his trial counsel was ineffective. (*See* Dkt. 2, at ECF 2–3.) Petitioner is currently incarcerated at Mohawk Correctional Facility. (*Id.* at ECF 8.)

## LEGAL STANDARD

"A federal district court should dismiss a state prisoner's *habeas* petition 'if the prisoner has not exhausted available state remedies as to any of his federal claims' [because] 'states should have the first opportunity to address and correct alleged violations of state prisoner's federal rights.'" *Hust v. Costello*, 329 F. Supp. 2d 377, 379 (E.D.N.Y. 2004) (quoting *Coleman v. Thompson*, 501 U.S. 722, 731 (1991)); *see also* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]"); *Richardson v. Superintendent of Mid-Orange Corr. Facility*, 621 F.3d 196, 201 (2d Cir. 2010) ("Exhaustion requires that the prisoner 'fairly present' the federal claim 'in each appropriate state court (including a state supreme court with powers of discretionary review).'" (quoting *Baldwin v. Reese*, 541 U.S. 27, 29 (2004))); *Galdamez v. Keane*, 394 F.3d 68, 72 (2d Cir. 2005) ("Before a federal court may grant habeas relief to a prisoner in state custody, the prisoner must exhaust his or her state court remedies.").

This "exhaustion requirement is designed to avoid the unseemly result of a federal court upsetting a state court conviction without first according the state courts an opportunity to correct a constitutional violation." *Davila v. Davis*, 582 U.S. 521, 527 (2017) (internal quotations, citations, and alterations omitted); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."). In New York, to exhaust state remedies, "a criminal defendant must first appeal his or her conviction to the Appellate Division, and then must seek further review of that conviction by applying to the Court of Appeals for a certificate granting leave to appeal." *Galdamez*, 394 F.3d at 74 (*citing Morgan v. Bennett*, 204 F.3d 360, 369 (2d Cir. 2000); N.Y. CRIM. PROC. LAW § 460.20 (McKinney 1994)).

Accordingly, when presented with a Section 2254 *habeas* petition containing only unexhausted claims, a federal court "must exercise one of two options: (a) dismiss [without prejudice] for failure to exhaust, or (b) deny on the merits pursuant to § 2254(b)(2)." *Polanco v. Ercole*, No. 06-CV-1721 (RMB) (DFE), 2007 WL 2192054, at *8 (S.D.N.Y. July 31, 2007); *see also* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Moreover, where a litigant is proceeding *pro se*, the court should liberally construe the submission and interpret it "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citation and italics omitted).

## DISCUSSION

Petitioner appears to seek *habeas* relief on six alleged grounds: (1) Petitioner's right to testify before the grand jury was waived without his consent; (2) the People failed to obtain an indictment within the time frame mandated by New York Criminal Procedure Law ("C.P.L.") §

3

180.80; (3) Petitioner did not sign the waiver of indictment in open court in the presence of his attorney as mandated by C.P.L. § 195.20; (4) Petitioner's conviction in state court was obtained in violation of his speedy trial rights under C.P.L. § 30.30; (5) general prosecutorial misconduct; and (6) ineffective assistance of counsel. (Dkt. 2, at ECF 2–3.) Respondent argues that the *habeas* petition should be dismissed because Petitioner has not exhausted his state court remedies. (Dkt. 7, at ECF 6.) Additionally, Respondent argues that Petitioner has neither established the likelihood of irreparable injury if the state criminal trial proceeds or continues, nor showed that the state courts will be unable or unwilling to remedy any alleged violations of his constitutional rights. (*Id.* (citing *Younger v. Harris*, 401 U.S. 37, 46 (1971), 11–13.) In Petitioner's opposition, he does not address Respondent's arguments that Petitioner has not exhausted his state court remedies or that the Court cannot enjoin his state court appeal because of the *Younger* abstention doctrine. (*See generally* Dkt. 8.) Rather, Petitioner only offers conclusory, unsubstantiated assertions that his criminal proceeding was unfair, and that his attorney and the state court proceedings were fraudulent. (Dkt. 8, at ECF 3–4.)

The Court agrees with Respondent that Petitioner has not exhausted his state remedies. Thus far, Petitioner has only filed a notice of appeal with the Appellate Division and has not yet filed a brief. (Dkt. 7, at ECF 10.) To exhaust his state remedies, Petitioner needs to raise his constitutional claims to the highest state court—the New York Court of Appeals—and receive a ruling from that court, even if that is only a denial of leave to appeal any unfavorable ruling from the Appellate Division. *See Galdamez*, 394 F.3d at 74. Therefore, the Court finds that Petitioner has not met the exhaustion requirement as to any of his § 2254 claims. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant

has exhausted the remedies available in the courts of the State[.]"); *see also O'Sullivan*, 526 U.S. at 845 (noting that the exhaustion doctrine requires state prisoners to give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Ramirez v. Att'y Gen. of N.Y.*, 280 F.3d 87, 94 (2d Cir. 2001).

The Court accordingly can either dismiss Petitioner's claims without prejudice for failure to exhaust, or deny Petitioner's claims on the merits pursuant to § 2254(b)(2). *See Polanco*, 2007 WL 2192054, at *8. However, "Petitioner's claims may only be dismissed on the merits if they are 'plainly meritless' or 'patently frivolous.'" *Sanchez v. Griffin*, No. 18-CV-4637 (PKC), 2019 WL 4094932, at *3 (E.D.N.Y. Aug. 29, 2019). Here, the Court cannot assess the merits of Petitioner's claims because the Court has not been provided the state court trial transcript, which is necessary to a merit's analysis.[2]

Moreover, to the extent Petitioner is asking the Court to enjoin his state court appeal, Petitioner has not shown that allowing the appeal to proceed would cause him "irreparable injury" that is both "immediate and great." *Citizens for a Better Env't, Inc. v. Nassau County*, 488 F.2d 1353, 1359 ("[W]here a federal court is asked to enjoin state criminal proceedings, even irreparable

---

[2] For example, to assess Petitioner's ineffective assistance of counsel claim, the Court would need to determine if his trial counsel's "efforts f[e]ll 'below an objective standard of reasonableness'" and if "the attorney's errors resulted in prejudice to the defendant." *Rosario v. Ercole*, 601 F.3d 118, 123 (2d Cir. 2010) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). Moreover, to satisfy the prejudice prong, Petitioner must "prov[e] that that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (citations and quotation marks omitted). Here, neither party has provided the underlying trial record—likely because it was not ordered to be created until the Appellate Division's February 24, 2023 Order granting Petitioner's leave to appeal as a poor person. *See Ishmael*, 2023 WL 2203809, at *1 ("ORDERED that the stenographer of the trial court is directed to promptly make, certify, and file two transcripts of any pretrial hearings, of the plea of guilty or of the trial, and of the imposition of sentence in this action[.]"). Thus, it is impossible for the Court to consider the merits of Petitioner's *habeas* petition at this time.

injury is insufficient unless it is both "great and immediate." (citing *Younger*, 401 U.S. at 46 (internal quotation marks omitted))). In fact, the Appellate Division has helpfully assigned him appellate counsel to assist in perfecting his appeal. *See Ishmael*, 2023 WL 2203809, at *1 (appointing attorney Patricia Pazner to Petitioner's appeal). Thus, there is no basis for the Court to intervene in or interfere with Petitioner's state court appeal process.

Accordingly, because Petitioner's state court appeal process is ongoing, the Court dismisses his § 2254 *habeas* petition for lack of exhaustion and failure to overcome the *Younger* abstention doctrine.

## CONCLUSION

For the reasons set forth above, the Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 is dismissed without prejudice. Petitioner is denied a certificate of appealability as he has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2); *see Middleton v. Att'ys Gen.*, 396 F.3d 207, 209 (2d Cir. 2005) (denying certificate of appealability where petitioner has not shown that "reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (quotations and ellipsis omitted). Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case accordingly.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 27, 2023
       Brooklyn, New York